U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2004 JUN 25 P 4: 22

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Michael M. Mills**

    v.                                                                   Civil No. 03-136-B

**Merrimack Police Department, et al.**


### MEMORANDUM AND ORDER

Plaintiff has moved for reconsideration, arguing that the court incorrectly granted defendants' motion for summary judgment. As the circumstances of this case are set forth in detail in earlier orders, I decline to restate them here. He contends that the court, in determining probable cause, relied on contested facts. He also argues that the court erred as a matter of law in concluding that Officer Grise was legally wearing a wire when she went to his home and that his claims related to his property were precluded by res judicata. I disagree.

In considering the defendants' motions for summary judgment, I construed the evidence in the light most favorable to Mills.

Notably, I accepted as true all facts stated by the plaintiff in his amended complaint. I also accepted as true all facts stated by the defendants that were not contested by Mills in his objection to their motion for summary judgment. See Local Rule 7.2(b)(2). For example, the defendants stated that the investigation was based in part on their receipt of an anonymous letter that contained allegations that a young woman had been offered a job as a prostitute. Although Mills disputed the identity of the letter's author, he did not contest whether the police actually received such a letter (see Pl.'s Mem. of Law Obj. to Mot. Summ. J. at 1). The same applies to Mills' argument that I erroneously believed the statements made to police by a confidential informant. Again, I did not. He did not contest that the police received information from one confidential informant (see Pl.'s Mem. of Law Obj. to Mot. Summ. J. at 2). I therefore accepted as true that statements were made to the police by an informant.

Mills argues that I should not have relied on Detective Poirier's statement that there was a binder in the car inside a bag, thus justifying the search of the car. In his objection,

Mills said that "there is no proof that the item . . . ever was seen within the vehicle," and cited to a "Property Report Form" which states that a 2002 Saturn is to be held pending possible search warrant . . ." (see Pl.'s Mem. of Law Obj. to Mot. Summ. J. at 9, Ex. 5). This does not amount to a refutation of Det. Poirier's statement in his affidavit that a binder was in the car. (Defendant's Mot. Summ. J. Ex. C). I therefore accepted as true Defendant's statement that a binder was in the car, but also accepted Mill's assertion that the police had made no property report recording its existence. Furthermore, in finding probable cause for the search of the car, I also relied on the other evidence available to the police at that time which included the information that Mills was returning from a meeting to arrange for some of his "girls" work at a club.

Mills also now argues, for the first time, that Officer Grise's report did not contain any statement that she had been offered to be paid to engage in sexual contact. In his opposition to the motion for summary judgment, he argued only that because she did not testify at the criminal trial, and because he believed that the wire tap was illegal, the

"information obtained from [the] wiretap cannot be used." (Pl.'s Mem. Supp. Obj. Def.'s Mot. Summ. J. at 4). He never contested the veracity of her affidavit. Pursuant to Local Rule 7.2(b)(2), "All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party." Since Mills did not challenge the truth of the matters asserted in Grise's report, I properly deemed them admitted. I therefore decline to reverse my earlier ruling on this ground.

The remaining facts that Mills contests are not material. For example, it is irrelevant to the legal inquiry whether Detective Roy merely logged items during the search. Whether she participated more fully in the search would not change the legality of the search itself. I therefore need not further consider these facts. Mills has not established that any material facts are disputed.

I also disagree that I erred as a matter of law. In particular, Mills argues that I erred in finding that Officer Grise's use of a body wire during her conversation with him was permissible. He states that first, he was not under

investigation for one of the crimes for which a body wire is allowed by law, and second, that the police were required to obtain permission from the Attorney General under N.H. Rev. Stat. Ann. § 570-A:2 II(d). I disagree. New Hampshire law allows law enforcement officers to carry an interception device for officer safety when investigating a specific set of crimes. N.H. Rev. Stat. Ann. § 570-A:2 II(c). The list of offenses referred to by § 570-A:7, II is codified at § 570-A:7, and includes "organized crime". State v. Kilgus, 128 N.H. 577 (1986). "Organized crime," defined at § 570-A:1, XI, means the "unlawful activities of the members of a highly organized, disciplined association engaged in supplying illegal goods and services, including but not limited to ... prostitution." The police had sufficient information to suspect Mills of running a prostitution ring, which is why Officer Grise investigated him. Officer Grise was entitled by § 570-A:2 II(c) to wear a wire to transmit her conversation with Mills. To the extent Mills argues that the wiretapping was illegal because the police never obtained permission from the Attorney General pursuant to § 570-A:2 II(d), he is incorrect. Section 570-A:2 II(d) is inapplicable to his case. Section 570-A:2 II(c) clearly authorizes a law enforcement

officer to "carry" a wire to intercept and transmit oral communications to ensure officer safety when investigating specific offenses, including prostitution as organized crime. State v. Ayers, 118 N.H. 90 (1978).

I reiterate my earlier conclusion that all of Mills' claims related to his property are barred because he has already sought relief for those events in another forum. The exact list of items taken is also immaterial, as the claim has already been adjudicated. The styling of the claims as theft or conversion or civil or criminal is irrelevant for res judicata purposes.

All of Mills's other arguments for reconsideration merely reiterate the arguments he made in his objection to the defendants' motion for summary judgment, and offer no new justification for his cause.

The motion for reconsideration (doc. no. 50) is denied.

SO ORDERED

Paul Barbadoro
Chief Judge

June 25, 2004

cc: William G. Scott, Esq.
    Scott A. Ewing, Esq.
    Michael M. Mills